# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARC PIERRE HALL,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 06-329-DRH** |
| | ) | |
| **UNITED STATES ATTORNEY GONZALES,** | ) ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

  Petitioner, currently an inmate in the United States Penitentiary at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, and this case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

  In this action, Petitioner states that while he had a case pending in this District, he was transferred from U.S.P. Marion to the Connecticut Department of Corrections.[1] He claims that this

---

[1] Although not completely clear from the pleadings, it appears from the exhibits that Petitioner may have been transferred to state custody pursuant to an "even-exchange" agreement between the Bureau of

transfer was done in violation of Rule 29a of the Federal Rules of Appellate Procedure and B.O.P. Program Statement 5100.07, as there was no proper approval by the court or by the US Attorney. He further alleges that false information was provided on the transfer form by Marty Skuta, who indicated on or about January 4, 2004, that Petitioner had no pending litigation (*see* Doc. 1-3, p. 5).

The Court notes that Petitioner did, in fact, have a habeas corpus action pending in this District in January 2004. *See Hall v. United States*, Case No. 03-cv-451-WDS (S.D. Ill., filed July 10, 2003). In an order entered February 23, 2004, the Honorable William D. Stiehl summarized the proceedings as follows:

> On May 6, 2003, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), in the United States District Court for the Northern District of Illinois. Petitioner is challenging his 1996 conviction, in North Carolina, on federal drug and firearm charges. Since Petitioner was incarcerated at USP Marion when he filed his petition, the Northern District Court transferred the case to this jurisdiction. However, Petitioner was subsequently transferred to Connecticut and it is not clear whether he has been released from custody. In his motion to transfer the case, Petitioner asks the Court to either transfer the case to Connecticut or dismiss the case.

*Id*. at Doc. 17. Judge Stiehl then continued:

> This case has already been transferred once. It is clear that this Court no longer has jurisdiction over the case since Petitioner is no longer confined in this district. *U.S. v. Prevatte*, 300 F.3d 792, 799 n.2 (7th Cir. 2002). Since it is not clear whether Petitioner is still incarcerated, it is a waste of judicial resources to keep transferring the case as Petitioner moves from jurisdiction to jurisdiction. Because voluntary withdrawal of his petition is Petitioner's right ....this action is **DISMISSED WITHOUT PREJUDICE**.

*Id.*

A review of the petition in that case shows that Petitioner was challenging the validity of his

---

Prisons and the State of Connecticut. The Court notes that Petitioner has since been returned to federal custody and is, once again, at U.S.P. Marion.

1996 conviction in the Western District of North Carolina. *United States v. Hall*, Case No. 95-cr-00005 (W.D. N.C., filed Jan. 4, 1995), *aff'd* 129 F.3d 1261 (4th Cir., Nov. 17, 1997) (unpublished), *cert. denied*, 524 U.S. 932 (1998). Specifically, he claimed that the trial court did not have jurisdiction to convict and sentence him on Count 12 of the indictment, which alleged a violation of the federal arson statute, 18 U.S.C. § 844(i).

The Court further notes that Petitioner subsequently filed in this District a virtually identical challenge to that 1996 conviction. *See Hall v. Bledsoe*, Case No. 06-cv-257-GPM (S.D. Ill., filed Mar. 29, 2006). That case was summarily dismissed as without merit, and Petitioner's appeal from that decision is currently pending.

This Court finds that Petitioner suffered no prejudice to that prior case as the result of his transfer to Connecticut during the pendency of that action, and thus he is not entitled to any relief on this claim.

Petitioner also argues that by transferring him to state custody, the Bureau of Prisons "no longer retains jurisdiction to continue confinement of the corpus of Petitioner." He cites no authority for this proposition, and this claim is completely without merit.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   October 26, 2006.**

/s/   David   RHerndon
**DISTRICT JUDGE**